UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                         ) | Cr. No. 03-10368-RCL |
| ) | |
| DEREK FRAZIER              ) | |

**MOTION TO DISMISS COUNT II OR, ALTERNATIVELY,
TO REQUIRE PROSECUTION TO ELECT TO DISMISS ONE COUNT BASED UPON
PRINCIPLES OF MULTIPLICITIOUSNESS**

Now Comes defendant, Derek Frazier, who hereby moves this Court to dismiss Count II on the grounds that the government has improperly charged the defendant with two separate crimes using the same exact conduct in violation of multiplicity principles, and the Due Process Clause and Double Jeopardy Clause pursuant to the Fifth Amendment of the United States Constitution. As grounds for this Motion, defendant states the following:

1. The government has charged Mr. Frazier with violating two separate subsections of 18 U.S.C. 922(g) based upon the same exact conduct. See Indictments attached as Exhibit A and B. See Police report attached as Exhibit C.

2. The overwhelming majority of Courts that have dealt with this issue have ruled that Congress did not intend to permit multiple punishments for people who fall under several categories of Section 922(g). See United States v. Munoz-Romo, 989 F.2d 757, 758 (5th Cir. 1993); United States v. Wilkins, 2004 WL 516786 (10th Cir. March 17, 2004); United States v. Shea, 211

1

F.3d 658, 673 (1st Cir 2000)[government concedes fact that Shea could not be convicted for multiple counts of 922(g) and First Circuit agrees]; United States v. Dunford, 148 F3d 385 (4th Cir. 1998); United States v. Johnson, 130 F3d 1420, 1425 (10th Cir 1997); United States v. Winchester, 916 F.2d 601 (11th Cir. 1990); United States v. Bastian, 112 F.Supp. 382, 378 (SDNY 2000), United States v. Vest, 913 F.Supp 1345, 1352 (W.D. Mo 1995); and United States v. Bicaksiz, 194 F.3d 390 (2nd Cir 1999); but see United States v. Peterson, 867 F.2d 1110 (8th Cir. 1989)

   3. "Multiplicity is the charging of a single offense in several counts or in several charging instruments. The danger of a multiplicitous indictment is that it may violate double jeopardy by resulting in multiple sentences or punishments for a single offense, see United States v. Hearod, 499 F.2d 1003, 1005 (5th Cir. 1974) or that it may prejudice the defendants by causing the jury to convict on a given count solely on the strength of evidence on the counts remaining. Id." Wieland v. Brown, 917 F.2d 1305 (6th Cir. 1990). Such an indictment may be cured through election or dismissal of counts. United States v. MacPherson, 959 F.2d 230 (1st Cir. 1992)(proper remedy was for court to dismiss multiplicitous count); United States v. Seda, 978 F.2d 779 (2nd Cir. 1992)(cannot charge defendant with violation of 18 U.S.C. 1344 and 1014 based upon the same

2

underlying conduct)

4. There is no question that the government's present indictment violates this principle against multiplicitousness counts and requires the government to elect one of these counts, either 922(g)1() or 922(g)(9), and then dismiss the other given that (a) a conviction on both counts would be improper as it would subject him to multiple penalties for the same crime in violation of the Double Jeopardy Clause; (b) submission of both counts to a jury would be confusing and highly prejudicial as it would create the impression that he has committed several predicate crimes and was, therefore, an incorrigible and unrepentant criminal in violation of the Due Process Clause and defendant's right to a fair trial; and (c) the psychological anxiety caused to Mr. Frazier by threatening him with prosecution of this second indictment and the double penalties that potential flow from such a conviction is, simply put, unfair.

5. The government has no material reason for maintaining both counts given that (a) both predicate crimes fall within one of the two Counts charged under subsection 922(g); and (b) the government's burden of proof is essentially reduced to proving that Mr. Frazier illegally possessed a firearm on the day in question. The government has the option of electing which count to proceed on.

6. If the government refuses to elect, then this Court has

the discretion to dismiss either count and force the government to proceed on other. See <u>United States v. MacPherson</u>, 959 F.2d 230 (1st Cir. 1992)(proper remedy was for court to dismiss multiplicitous count) and <u>United States v. Seda</u>, 978 F.2d 779 (2nd Cir. 1992)(cannot charge defendant with violation of 18 U.S.C. 1344 and 1014 based upon the same underlying conduct).

Wherefore, defendant moves this Court on the above grounds to require the government to elect one count for trial and to dismiss the other. Alternatively, defendant moves this Court to dismiss Count II in advance of trial.

Respectfully submitted,
BY HIS ATTORNEY,

_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I, James Budreau, do hereby certify that I served a true copy of this document upon AUSA Seth Berman by hand on this 15th day of April, 2004.

_____
JAMES H. BUDREAU

4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>DEREK FRAZIER        ) | CRIMINAL NO. 03CR10368RCL<br>VIOLATIONS:<br>18 U.S.C. §922(g)(1)<br>Previously Convicted Felon in<br>Possession of Firearm and<br>Ammunition<br><br>18 U.S.C. §922(g)(9)<br>Domestic Violence Misdemeanant in<br>Possession of Firearm and<br>Ammunition |

INDICTMENT

<u>COUNT ONE</u>:     (18 U.S.C. §922(g)(1) - Previously Convicted Felon
              in Possession of Firearm and Ammunition)

The Grand Jury charges that:

On or about October 3, 2003, at Randolph, in the District of Massachusetts,

**DEREK FRAZIER,**

defendant herein, did, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possess in and affecting commerce a firearm, to wit: a .40 caliber Glock semi-automatic pistol, with an obliterated serial number, and 5 rounds of .40 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

A

COUNT TWO:    (18 U.S.C. §922(g)(9) - Domestic Violence Misdemeanant in Possession of Firearm and Ammunition)

The Grand Jury further charges that:

On or about October 3, 2003, at Randolph, in the District of Massachusetts,

**DEREK FRAZIER**,

defendant herein, did, having been convicted in a court of a misdemeanor crime of domestic violence, knowingly possess in or affecting commerce a firearm, to wit: a .40 caliber Glock semi-automatic pistol, with an obliterated serial number, and 5 rounds of .40 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(9).



# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, S.S.

DISTRICT COURT
QUINCY DIVISION

## AFFIDAVIT
## IN SUPPORT OF SEARCH WARRANT APPLICATION

I, Paul Smyth, being duly sworn depose and say:

1. I am a Randolph Police Officer and have been so employed since 1990. I am currently serving in the rank of detective. In my current assignment it is my duty to conduct criminal investigations of complaints received within my scheduled tours of duty. I have been assigned to the detective division since January 1996. I was trained by the Massachusetts Criminal Justice Training Council under the direction of the Massachusetts State Police at the Needham Police Academy. Since completing my training I have attended several specialized courses in various aspects of criminal investigation. Part of my responsibility as a detective for the Randolph Police Department is narcotic investigations. I am also a member of the South Shore Drug Task Force, which involves assisting area towns with narcotic investigations. I have also been involved in narcotic investigations since April of 1997. I have participated in and completed various specialized training courses including over 210 hours of Narcotic and Dangerous Drug investigation courses. These courses were conducted and sponsored by, but not limited to the Massachusetts Criminal Justice Training Council, The Massachusetts State Police and the United States Drug Enforcement Administration.

2. Throughout my career as a Randolph Police Officer I have conducted or participated in the arrest of over two hundred drug offenders. The investigations which led to these arrests utilized such investigative techniques as control purchases of drugs by confidential informants, undercover purchases of drugs by other police officers, executions of search warrants and so-called buy busts. During this training and experience I have observed numerous types of controlled substances and I am familiar with the paraphernalia associated with these substances and the ways in which they are commonly packaged. I am also familiar with the prices charged for controlled substances and with the jargon associated with their use.

3. In addition to investigating violations of the Massachusetts Controlled Substance Laws my responsibilities include but, not limited to the following. Further

1

...tigations and prosecution of all felonies, thefts, frauds, burglaries, check cases, aggravated assaults and other such misdemeanors that require further investigation. Identification duties are also included which consist of fingerprinting, photography and preparing necessary files for prisoners.

4. On November 3, 2003 at approximately 7:54am the Randolph Police received a 911 call from 20 Nelson Drive apartment #3A. On this 911 open line Officer Handy heard the sounds of a man yelling at a woman and hitting her. Officer Solow, Officer Fisher and Officer Pantazelos all responded to 20 Nelson Drive apartment #3A. Officers knocked for several minutes until the door was opened by Derek Frazier. Derek Frazier and his mother Hattie Frazier both reside at 20 Nelson Drive Apartment #3A. Once inside the apartment they identified the only other occupant as being Ebony Abel. Officers interviewed both parties and determined that there was probable cause to arrest for assault and battery (domestic violence). Derek Frazier was placed under arrest and transported to the Randolph Police Station. I along with Chief Churchill responded to 20 Nelson Drive apartment #3A and took photographs of Ebony Abel's injuries. Ebony Abel advised Officer Pantazelos that at no time did Derik Frazer leave the apartment during the domestic altercation or before the arrival of the police.

5. After clearing from the apartment Officer Fisher asked me to return because of new information. Upon my return Officer Fisher advised me that Ebony Abel stated to him that while the domestic altercation was going on Derek Frazier went into the bedroom and retrieved a black handgun from a couch in this bedroom. He pointed the gun at her and demanded that she take her clothes off. He demanded several times but she refused each time. After this occurred he went into the living room area and that was the last time she saw this gun. Ebony described the gun as being a black handgun with a "slide" on the top.

6. According to the Randolph Police Department Firearms records Derek Frazier does not have or ever did have a license to carry a firearm or an FID card issued to him. The files also show that Hattie Frazier does not have a license to carry a firearm or an FID card issued to her. The Commonwealth of Massachusetts Criminal History Systems Board shows that Derek Frazier was convicted on May 6, 1992 for three counts of Possession of a Firearm without a license. He was found guilty and sentenced to 2 ½ years in the House of Correction.

7. According to the files at the Randolph Police Department, Massachusetts Registry of Motor Vehicles and the Massachusetts Criminal History Systems Board Derek Frazier resides at 20 Nelson Drive apartment #3A In Randolph Massachusetts.

8. Based on the aforementioned facts probable cause exists that a firearm as defined in Massachusetts General Laws Chapter 140 section 121 is illegally possessed by Derek

Frazier DOB of 5-29-72 at his residence at 20 Nelson Drive apartment #3A in Randolph Massachusetts. Therefore I respectfully request that a search warrant be issued at Derek Frazier's residence located at 20 Nelson Drive apartment#3A in Randolph, a dwelling house more detailed described in the attached application.

Signed under the pains and penalties of perjury this 3rd day of November 2003.

                                        Paul Smyth
                                        Detective
                                        Randolph police Department

The above named affiant appeared before me and swore the above to be true this 3rd day of November, 2003.