UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 03-10368-RCL |
| | ) | |
| DEREK FRAZIER | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNT II OR, ALTERNATIVELY, TO
REQUIRE PROSECUTION TO ELECT TO DISMISS ONE COUNT BASED UPON
PRINCIPLES OF MULTIPLICITOUSNESS**

Defendant's Motion to Dismiss Count II or, Alternatively, to Require Prosecution to Elect to Dismiss One Count Based Upon Principles of Multiplicitousness, ("Motion to Dismiss"), should be denied.

Defendant cites numerous cases in support of his proposition that the Due Process Clause and the Double Jeopardy Clause of the United States Constitution and the principle against multiplicitous charging in an indictment mandates that this Court dismiss one of the two counts in the indictment or require the prosecution to elect to prosecute on only one count. However, defendant fails to note that the holding in the one First Circuit case that discussed this issue was to the contrary.

In *United States v. Shea*, 211 F.3d 658 (1st Cir. 2000), the First Circuit found no constitutional violation in multiple convictions based on a defendant's possession of one gun while prohibited from such possession based on his two different statuses. In *Shea*, the defendant was charged and convicted in separate counts with violations of 18 U.S.C. § 922(g)(1), and 18 U.S.C. §922(g)(3), on the grounds that he was a Felon in Possession of a Firearm in

1

violation of §922(g)(1) and also a Drug User in Possession of (the same) Firearm, in violation of §922(g)(3). The Court found no Constitutional violation:

> Since each count involves an element that the other does not, the Double Jeopardy Clause would not bar multiple convictions and punishments under the familiar *Blockburger* test.

*Shea,* 211 F.3d at 673 *citing United States v. Peterson,* 867 F.2d 1110, 1115 (8th Cir. 1989) *and Blockburger v. United States* 284 U.S. 299, 304 (1932). Though the government in *Shea* conceded that the *sentence* for one of the two convictions must be vacated, the Court held that both *convictions* could stand:

> Whether there is a multiplicity objection is a nice question and arguable depends on attributing a further refinement in intent to Congress; *it is clear enough that the government is entitled to get both theories before the jury, whether in one count or two.*

*Shea,* 211 F.3d at 673, emphasis added.

Regardless of what the appropriate sentence for a conviction on both counts would be (a subject not raised in the Motion to Dismiss), there can be no doubt that under the law in the First Circuit, the government is permitted to present both theories to the jury. Consequently, there is no grounds in this Circuit for either remedy sought by defendant.

### III. Conclusion

For these reasons, the United States asks this Court to deny Defendant's Motion to Dismiss in this case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
SETH P. BERMAN
Assistant U.S. Attorney

DATED:     April 26, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>James Budreau, Esq.
>20 Park Plaza, Suite 905
>Boston, MA 02116

This 26th day of April 2004.

SETH P. BERMAN
Assistant United States Attorney