UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>DEREK FRAZIER )  | Cr. No. 03-10368-RCL |

**MOTION TO CORRECT SENTENCE PURSUANT TO RULE 35
OR, ALTERNATIVELY,
MOTION TO VACATE SENTENCE PURSUANT TO RULE 33**

Now Comes defendant, Derek Frazier, who hereby moves this Court to correct his sentence pursuant to Rule 33 of the Federal Rules of Criminal Procedure or, alternatively, to vacate his sentence pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  As grounds for this request, defendant states that:

1.  Five days after this Court docketed Mr. Frazier's judgment and commitment order, the Supreme Court issued <u>United States v. Booker</u>, 543 U.S. ___ (2005).  This ruling, while still being interpreted, has found that the federal sentencing guidelines are (a) unconstitutional, but (b) survive in an advisory capacity.

2.  This Court was prescient when it sentenced Mr. Frazier.  This Court ruled that the guidelines were unconstitutional but could still be used in an advisory fashion.  As a consequence, this Court did not impose the ten year guidelines sentence mandated by the guidelines, but instead sentenced Mr. Frazier to nine years.

1

3.  While the Court appears to have forecasted <u>Booker</u>'s ruling, defendant raises one concern about the standard employed by the Court.  Specifically, the Court stated that the guidelines were presumptive and that Mr. Frazier had a burden of demonstrating why the guideline sentence should not be imposed.  See Affidavit of Counsel attached as Exhibit A.

4.  Based upon counsel's reading of <u>Booker</u>, the guidelines are not presumptive but merely advisory.  <u>United States v. Booker</u>, <u>supra</u>.  Consequently, defendant files this motion and moves the Court to (a) correct its sentence pursuant to Rule 35 as on the grounds that the sentence imposed was clearly erroneous; or (b) vacate defendant's sentence pursuant to Rule 33 in the interests of justice, if it believes that the application of this erroneous standard resulted in a higher sentence for Mr. Frazier than this Court would have imposed under the standards enunciated pursuant to <u>United States v. Booker</u>, <u>supra</u>.

Wherefore, defendant moves this Court to either (a) correct his sentence pursuant to Rule 35 or (b) vacate his sentence and order a re-sentencing pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

**Respectfully submitted,
BY HIS ATTORNEY,**

**/S/JAMES BUDREAU
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700**

**AFFIDAVIT**

I, James Budreau, do depose and state that the following is true and accurate:

1. I represented Derek Frazier in his criminal case before this Court. On December 28, 2004, this Court sentenced Mr. Frazier to 9 years. The guidelines called for a 10 year sentence but this Court concluded that the guidelines were unconstitutional but advisory. The Court further stated that the guideline sentence was ten years and was presumptive. The Court directed defense counsel to demonstrate this presumptions should not apply.

2. The Court then sentenced Mr. Frazier to nine years. This Court entered its judgment and commitment order in Mr. Frazier's case on January 7, 2005 to the best of counsel's knowledge.

Signed under pains and penalties of perjury,


   /S/JAMES BUDREAU
JAMES BUDREAU


**EXHIBIT A**