UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) ) | Case No. 03-cr-10368-RCL |
| DEREK FRAZIER | ) ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO CORRECT SENTENCE PURSUANT TO RULE 35, OR,
ALTERNATIVELY, TO VACATE SENTENCE PURSUANT TO RULE 33**

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, opposes the defendant's Motion to Correct Sentence Pursuant to Rule 35 or Alternatively, to Vacate Sentence Pursuant to Rule 33 ("Defendant's Motion"). As grounds therefore, the government states that:

1. Federal Rule of Criminal Procedure 35(a) does not provide any grounds for relief. Rule 35(a) allows for a court to "correct" a sentence where the sentence has been improperly calculated as a matter of "arithmetical, technical or other clear error." Nothing in the recent Supreme Court decision made Mr. Frazier's sentence incorrect as a matter of "arithmetical, technical or other clear error."

2. Defendant's alternative grounds for the motion must fail as well. As the defendant stated in his motion, "The Court was prescient when it sentenced Mr. Frazier. This Court ruled that the guidelines were unconstitutional but could still be used in an advisory fashion. As a consequence, this Court did not impose the ten year guideline sentence mandated by the

guidelines, but instead sentenced Mr. Frazier to nine years." Thus, on its face, it is obvious that the Court's sentencing ruling in this case matched perfectly with the new rule subsequently announced by the Supreme Court.

3. Defendant's argument that the Court should consider a new sentence because it stated during the sentencing that it viewed the Guidelines as "presumptive" and the Supreme Court held that they are "merely advisory" is without merit. At least as applied in the instant case, this linguistic variance is a distinction without a difference. Because the Court sentenced defendant to a sentence below that which would have been mandated by the guidelines, it cannot be said that the Court held the defendant to any "presumption" of applicability that would be different in effect from the "advisory" review of the guidelines mandated by the Supreme Court.

For all of these reasons, defendant has no grounds for relief from his sentence under either Federal Rule of Criminal Procedure 33 or 35(a), and his motion should be denied.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney
By:

/s/ Seth P. Berman
SETH P. BERMAN
Assistant U.S. Attorney
(617) 748-3385

January 14, 2005